OPINION
{¶ 1} On October 1, 2002, appellant, Terry Hopkins, a juvenile, pleaded true to one count of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. By judgment entry filed November 26, 2002, the trial court committed appellant to the Ohio Department of Youth Services for an aggregate period of twelve months, and imposed a fine of $1,450.00 plus court costs.
 {¶ 2} On December 5, 2002, appellant filed a motion to vacate fines and costs on the basis of indigency. By order filed December 10, 2002, the trial court denied said motion. On same date, appellant filed a motion for findings of fact and conclusions of law.
 {¶ 3} On January 3, 2003, appellant filed an appeal on the December 10, 2002 denial. Pursuant to remand by this court, the trial court filed findings of fact and conclusions of law on March 14, 2003. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT'S IMPOSITION OF A $1,450 FINE ON AN INDIGENT JUVENILE DEFENDANT, WITHOUT CONSIDERING COMMUNITY SERVICE IN LIEU OF A FINANCIAL SANCTION, IS CONTRARY TO LAW."
 II {¶ 5} "THE TRIAL COURT'S IMPOSITION OF A $1,450 FINE ON AN INDIGENT JUVENILE DEFENDANT IS AN ABUSE OF DISCRETION."
 I, II {¶ 6} Appellant claims the trial court violated the mandates of R.C. 2152.20(D) in not giving him community service in lieu of the $1,450.00 fine. We disagree.
 {¶ 7} R.C. 2152.20 governs fines and costs in juvenile court. Subsection (D) states, "If a child who is adjudicated a delinquent child is indigent, the court shall consider imposing a term of community service under division (A) of section 2152.19 of the Revised Code in lieu of imposing a financial sanction under this section." (Emphasis added.) This same subsection also provides, "If a child fails to pay a financial sanction imposed under this section, the court may impose a term of community service in lieu of the sanction."
 {¶ 8} By judgment entry filed March 14, 2003, the trial court found "the assessment of a fine not in excess of the statutory limits to be an effective and appropriate disposition." Appellant argues the trial court's findings and conclusions "did not address the requirements of R.C. 2152.20(D), or include any evidence the court had considered community service as an alternative to the substantial financial penalty that the trial court had imposed." Appellant's Brief at 5. We disagree with this argument. The statute specifically states the trial court "shall consider." By reviewing the December 5, 2002 motion to vacate fines and costs and subsequently denying same by order filed December 10, 2002 and findings of fact and conclusions of law filed March 14, 2003, we find the trial court "considered" the issue and rejected it. Furthermore, pursuant to R.C. 2152.20(D), the trial court may impose a term of community service in lieu of the fine if appellant fails to pay the fine. A term of community service in lieu of a fine is not foreclosed to appellant. Appellant could eventually receive a term of community service if he fails to pay the fine.
 {¶ 9} Upon review, we find the trial court did not err in imposing the fine.
 {¶ 10} Assignments of Error I and II are denied.
 {¶ 11} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Wise, J., concurs.